UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Bankr. No. 21-21297 GLT |
|     SHERRI L. SENCHISEN, | ) |
| | ) Chapter 13 |
|         Debtor. | ) |
| | ) Docket No. 21 |
|     RONDA J. WINNECOUR, | ) Related to Docket No. 11, 12 |
|     CHAPTER 13 TRUSTEE, | ) |
|         Movant, | ) |
| | ) |
|         vs. | ) Hearing Date & Time: 6/30/2021 at 11:30 a.m. |
| | ) |
|     SHERRI L. SENCHISEN, | ) |
| | ) |
|         Respondent. | ) |

**DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO DISMISS**

AND NOW, comes the Respondent, by and through her attorney, Rodney D. Shepherd, Esquire, who respectfully represents the following:

    1.  It is admitted that Counsel has filed various cases permitting the Debtors to paying the filing fee in installments.  The Trustee's Office does not like this, but Counsel is only doing what the Bankruptcy Code permits.  Counsel received an email from the Trustee sometime in April or May.  My internet provider was contacted to try and retrieve a copy of the email, but it would only provide any emails from the last 7 days.  In any event the email stated: Rodney, stop filing cases to allow the filing fee to be paid in installments.  You are just creating more work for my staff.  If needed I will litigate this matter.  So the reasons they give for their concerns on allowing the filing fee to be paid in installments is not the real reason. Trustee's Office mentions 18 cases that were paid in installments.  In 4 of those cases the case was dismissed where the filing fee was not paid.  There is one that was dismissed, but a motion to reconsider the dismissal is being filed with the remaining amount of the filing fee being paid. Another case was dismissed,  then the filing fee was paid, so the dismissal Order was vacated.  It was eventually dismissed for other reasons.  Counsel refers the Court to Case No. 16-22184 at Docket Nos. 65, 67 and 73, as well as Case No. 19-23420 at Docket No. 47, 49, 51 and 52.

    2.  Admitted.

    3.  Denied.  There are only 5 cases that are shown where Counsel's retainer of $1,200 was be paid in full.  Two of those cases the entire filing fee has now been paid.  The other 3 cases have stated that they had no more available funds at the time due to their pay cycles and would be better able to pay the filing fee in installments.

      4. Denied. Counsel is not misrepresenting anything. As an illustration, the case no. 21-20802 will be used. Mr. Thomas came into and said all he had was $500. Counsel used the $500 payment as the retainer and made application to pay the filing fee in installments. Counsel was not going to pay the filing fee of $313 and only take $187 as a retainer. This case got dismissed because the installments were not paid on a timely basis. The remaining amount is going to be paid to have the case reinstated. The Debtor is making his Chapter 13 plan payments although on a delayed basis.

      5. Denied. An interim order may not be entered that would allow interim distributions until the filing fee is paid, but the filing fee is clearly paid by the final confirmation date when distributions are made. Again, the Bankruptcy Code permits the filing fee to be paid in installments.

      6. Denied. This information is already provided on Schedule A and I. Counsel has made application for installments of the filing fee on different cases in the past and the application was denied due to the amount of income listed on Schedule I. More detailed information should not be required, as this information is already being provided.

      WHEREFORE, the Debtor prays that this Honorable Court deny the Trustee's Motion to Deny the Application.

                Respectfully submitted,

                /s/ Rodney D. Shepherd
                Rodney D. Shepherd, Esquire
                Attorney for the Debtor
                PA I.D. No. 56914
                rodsheph@cs.com

                2403 Sidney Street
                Suite 208
                Pittsburgh, PA 15203
                (412) 471-9670

CERTIFICATE OF SERVICE

    I, Rodney D. Shepherd, hereby certifies that a true and correct copy of the Debtor's Response to the Chapter 13 Trustee's Motion was served on the 21st day of June, 2021, by electronic filing, upon the following;

Ronda Winnecour, Esquire
Chapter 13 Trustee
cmecf@chapter13trusteewdpa.com

                                          By:/s/ Rodney D. Shepherd
                                             Attorney for the Debtor