FILED
7/1/21 2:06 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No.: 21-21297-GLT |
| | : | Chapter: 13 |
| Sherri L. Senchisen | : | |
| | : | |
| | : | Date: 6/30/2021 |
| *Debtor(s).* | : | Time: 11:30 |
| In re: | : | Case No.: 21-21296-GLT |
| | : | Chapter: 13 |
| Susan L. Cook | : | |
| | : | |
| | : | Date: 6/30/2021 |
| *Debtor(s).* | : | Time: 11:30 |

## PROCEEDING MEMO

**MATTER:**   #11 - Objection by Chapter 13 Trustee to Application for Individuals to Pay the Filing Fee in Installments [Response due 6/21/2021]

#14 Objection by Chapter 13 Trustee to Application for Individuals to Pay the Filing Fee in Installments [Dkt. No. 3]
#24 - Response filed by the Debtor
#20 - Certification filed by Attorney Rodney Shepherd
#26 - Installment payment paid in the amount of $200

**APPEARANCES**:
   Debtor:   Rodney D. Shepherd
   Trustee:   Owen Katz

**NOTES:** (11:38)

Court: I note the filing fee in the Senchisen case has been paid, so the objection is moot, but there are still other issues.

Katz: Awhile back we got into a situation where motions to pay the filing fee in installments were the rule, not the exception. We've come away from that. Because distributions cannot occur until the filing fee is paid, there are often delays in payments to creditors and trustees when these motions are filed. Of course debtors have a right to seek installments and in the Cook case I note $200 has been paid. But if the debtor can support a plan payment of $1,500, why do they need more than 30 days to pay the filing fee?

Shepherd: For the first case, after we filed, she wanted to have her case dismissed. She just found out she can take money out of her 401K to pay her creditors. The filing fee has been paid. If you see my response, I received an email from the trustee saying not to file installment applications. I was only paid my full retainer in 4 of the cases she listed. Just on Tuesday the debtor paid the fee. Susan Cook paid me $1,200 when she came in and she said she couldn't pay more.

Court: Did she pay you a retainer of $1,200?

Shepherd: Yes.

Court: The statement of financial affairs and the rule 2016 disclosure say she paid you only $200.

Shepherd: She didn't pay any of the costs, she just paid my retainer.

Court: You filed a certification indicating it was only $200.

Shepherd: It was just a typo.

Court: Do I need to verify the amount of the retainer in the other cases? It appeared as a typo in two different spots. In Hancock and Adams, are those retainers accurate?

Shepherd: That's all I received.

Court: There are two debtors who paid you $1,200, but they indicated they can't pay the filing fee in full. Why isn't the filing fee the first thing to be paid when the retainers are this high?

Shepherd: I've never had a problem with you or any other judge about my retainer. Do you have an issue with my retainer?

Court: No, I don't have an issue with your retainer but it shouldn't come at the expense of the filing fee.

Shepherd: There are two or three cases where they didn't pay anything.

Court: The trustee represents you've filed 25 cases since January 2020, and in 18 of them, you sought to pay the filing fee in installments. That's 72%, and suggests this is becoming standard practice.

Shepherd: If you look at the cases, there's only 4 where I got my retainer in full.

Court: 5 actually, and those are 5 cases that shouldn't have been on installments.

Shepherd: So I'm basically just cutting my fees.

Court: You don't have to do anything you don't want to. I just don't want to see debtors sitting on over $1,000 in cash and then represent to the court that they lack the ability to pay the filing fee in full. Do you acknowledge that the application requires verification of an inability to pay?

Shepherd: Yes I do.

Court: Perhaps some of those cases shouldn't have been filed, as several of them never ended up paying the full fee.

Shepherd: Well I guess I'm going to just cut my fee then.

Court: Senchisen was filed on May 29 and was active for only 17 days. You received the $1,200 retainer, but why was the case filed if using her 401k was something she was considering? What did she get for the $1,500?

Shepherd: She came in thinking about filing a chapter 7. Her name is still on her ex's house. And I looked at the website at the value and asked if she thought it was accurate, and if so she needed to be in chapter 13. At the time she filed it, she hadn't contemplated taking the money out.

Court: How was the fee she paid reasonable for the amount of work you did and the brief length of the case? How many hours have you put into this case?

Shepherd: I'd have to sit down at look at the numbers, about 4 hours.

Court: I will deny the application in Cook because she had the ability to pay over $1,000 at case filing, and I'll require the full filing fee to be paid within 14 days. And in the Senchisen case, I will require additional information about the reasonableness of the fee. It's my expectation that, going forward, installment applications are only appropriate for those who actually lack cash at the beginning of a case.

**OUTCOME:**

1. Senchisen: Chapter 13 Trustee's *Objection to Application for Individuals to Pay the Filing Fee in Installments* [Dkt. No. 11] is OVERRULED as moot. [Chambers to Issue]

2. Senchisen: Debtor's request for dismissal [Dkt. No. 19] is GRANTED, subject to the Court retaining jurisdiction to address the reasonableness of counsel fees in light of the short duration of the case. Debtor's counsel shall file a supplement on or before July 23, 2021 justifying the reasonableness of the $1,200 fees received in this case. A further hearing to address the attorneys' fees paid shall be held on August 18, 2021 at 3 p.m.

3. Cook: Debtor's *Application for Individuals to Pay the Filing Fee in Installments* [Dkt. No. 3] is DENIED. [Chambers to Issue]

**DATED:** 6/30/2021