## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 21-21297-GLT |
| | : | Chapter 13 |
| **SHERRI L. SENCHISEN**, | : | |
| | : | Related to Dkt. Nos. 3, 6, 11, and 19 |
| Debtor. | : | |
| | : | |
| In re: | : | Case No. 21-21296-GLT |
| | : | Chapter 13 |
| **SUSAN L. COOK**, | : | |
| | : | Related to Dkt. Nos. 3, 14, and 24 |
| Debtor. | : | |
| | : | |

## ORDER

The Court faces the propriety of two applications seeking permission to pay the chapter 13 case filing fee in installments.[1] Sherri Senchisen and Susan Cook[2] each paid a $1,200 prepetition retainer to their attorney, Rodney Shepherd,[3] yet claimed they lacked the funds to pay the $313 filing fee when their petitions were filed. The chapter 13 trustee objected to the *Applications,* claiming the Debtors had sufficient resources to pay the filing fee on the petition date. The trustee also contends that Attorney Shepherd files installment applications as a matter of routine, without regard to a debtor's actual ability to pay, noting that since January 1, 2020, Attorney Shepherd sought to defer payment of the filing fee in 18 of the 25 cases he filed.[4]

---

[1]    See *Application(s) to Pay Filing Fee in Installments* at Dkt. No. 3 in Case No. 21-21297 and at Dkt. No. 3 in Case No. 21-21296 (together, the "Applications").

[2]    Sherri Senchisen and Susan Cook (together the "Debtors"), are unrelated, but their cases were heard together because each application presents similar factual and legal issues.

[3]    See Case No. 21-21296, Dkt. No. 6 at § 4.3. Ms. Cook's chapter 13 plan indicated she paid Attorney Shepherd only a $200 retainer, but at the hearing held on June 30, 2021, Attorney Shepherd clarified that was allegedly a typo.

[4]    See Dkt. No. 11 in Case No. 21-21297 and Dkt. No. 14 in Case No. 21-21296. A rate of 72%.

This is not the first time the Court has had to address an allegedly improper manipulation of the chapter 13 installment fee option. In 2019, the Court confronted a myriad of problems caused by the indiscriminate use of installment applications by a segment of the chapter 13 bar and the lack of meaningful oversight of the installment payments. As a result of these efforts, the Court substantially overhauled the processing of installment applications, and both the clerk and chapter 13 trustee implemented additional procedural changes to mitigate against opportunities for abuse.[5] Unfortunately, the current cases suggest that some problems persist.

At its core, the ability to pay the filing fee in installments ensures equal access to the bankruptcy court for those who are cash-poor at the commencement of their case. But such relief is not unqualified.[6] The Court is vested with discretion to deny an installment application and require immediate payment of the fee.[7] Conversely, if the application is granted, the case filing fee must be satisfied within 180 days of the petition date and the number of installments is limited to four.[8] Any failure to make the required installment payments qualifies a debtor's case for dismissal.[9]

When evaluating installment applications, the Court adheres to a simple maxim: those who *can* pay the filing fee on the petition date *should* pay the fee. The Court also remains

---

[5] See In re Willis, 604 B.R. 206, 212 (Bankr. W.D. Pa. 2019) (Attorney violated Civil Rule 11 and Bankruptcy Rule 9011 by representing that his clients were "unable to pay the filing fee" when, in-fact, they had tendered an expense retainer and/or had sufficient liquid assets to pay the filing fees in full); see e.g. In re Heider, Case No. 19-20309-GLT; In re Hawk, Case No. 18-21217-GLT; and In re Nemetz, Case No. 19-22231-GLT.

[6] See 28 U.S.C.A. § 1930 ("An individual commencing a voluntary case or a joint case under title 11 may pay such fee in installments."); Fed.R.Bankr.P. 1006(b).

[7] Fed. R. Bankr. P. 1006(b)(2).

[8] Fed. R. Bankr. P. 1006(b)(2).

[9] Fed. R. Bankr. P. 1017(b).

vigilant for any abuse of the installment process, particularly when installment applications are habitually requested, without regard to a debtor's financial circumstances.[10] Unless the vast majority of an attorney's clients are indigent, an installment application should be necessary in less than 20% of an average chapter 13 practitioner's caseload. Indeed, the Court's filing statistics reveal that installment applications were filed in less than 4% of the chapter 13 cases district-wide since January 1, 2021.[11] Counsel should therefor recognize the difference between an inability to pay the case filing fee and the inability to pay counsel's full retainer when assessing a debtor's assets and financial affairs.

The Court finds it presumptively abusive when, as here, an attorney pursues an installment plan in 72% of his cases, yet still collects a sizeable fee retainer. Attorney Shepherd either did not vet the applications properly, or when confronted with the choice between paying the filing fee and receiving his full retainer, the retainer won out. When the Court examines the completed petitions in cases where Attorney Shepherd requested an installment plan, the Court is alarmed to find multiple debtors with more than enough cash on hand to pay the filing fee in full, yet with the advice and assistance of counsel, opted for an installment plan.[12] Applying to pay the

---

[10] See, e.g., In re Oliver, 480 B.R. 275 (Bankr. W.D. Ky. 2012) (Attorney sanctioned after representing that his client was "unable to pay the filing fee except in installments" when he had actually received from his client an amount sufficient to pay the filing fee in full).

[11] From January 1, 2021 through June 30, 2021, a total of 18 installment applications were submitted in the 502 chapter 13 cases commenced during that period. In calendar year 2020, installment applications accounted for 3.35% of the chapter 13 cases. In 2019, the year the Court began its review of the installment process, the Clerk's office received installment fee applications in 12.18% of the chapter 13 cases filed within the district.

[12] See In re Mensah, Case No. 21-20529-GLT, Schedule A/B: Property, Dkt. No. 14 at § 4.16 (Debtor had $2,000 in cash available); In re Guthrie, Case No. 21-20801-CMB, Schedule A/B: Property, Dkt. No. 20 at § 4.17 (Debtor had $1,000 available on a CashApp card).

filing fee in installments, without concern about the debtor's actual ability to pay, cannot be used as a mechanism by which debtors' counsel receives a larger up-front payment.[13]

Based upon the foregoing, and for the reasons stated on the record at the June 30, 2021 hearing, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The *Applications* are **DENIED**. Both Ms. Senchisen and Ms. Cook had sufficient resources as of the petition date to pay the filing fee. Furthermore, the applications are denied as moot because the Debtors' filing fees have since been paid in full.

2. Ms. Senchisen's *Motion to Dismiss Case*[14] is **GRANTED** and Case No. 21-21297-GLT is **DISMISSED** without prejudice.

   a. Ms. Senchisen remains liable for all her debts as if the bankruptcy petition had not been filed. Creditor collection remedies regarding Ms. Senchisen are reinstated pursuant to 11 U.S.C. § 349. Creditors are directed to 11 U.S.C. § 108(c) for time limits on filing a lawsuit to collect.

   b. The Court retains jurisdiction over the chapter 13 trustee's final report and account, and the trustee's certificate of distributed funds.

   c. The Court also retains jurisdiction to evaluate the sufficiency and reasonableness of the fee Attorney Shepherd received from Ms. Senchisen in light of the fact her case was active for 17 days before dismissal was requested.

---

[13] Nothing in this *Order* shall be viewed as a judgment on what amount does or does not constitute an appropriate retainer.

[14] Case No. 21-21297 at Dkt. No. 19.

4

       d.       The Court shall conduct a further hearing on **September 22, 2021** at **11 a.m.** to evaluate the reasonableness and sufficiency of the fees in light of the short duration of this case.

3.       The Debtors shall serve a copy of this *Order* on all parties listed on their creditors' matrix and shall file a certificate of service within three (3) business days.

Dated: August 6, 2021

                                                                GREGORY L. TADDONIO
                                                                UNITED STATES BANKRUPTCY JUDGE

<u>Case administrator to mail to:</u>
Ms. Sherri Senchisen
Ms. Susan Cook
Rodney Shepherd, Esq.

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-21297-GLT |
| Sherri L. Senchisen | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

District/off: 0315-2    User: mgut    Page 1 of 2
Date Rcvd: Aug 06, 2021    Form ID: pdf900    Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**
+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 08, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Sherri L. Senchisen, 1653 Westmont Avenue, Pittsburgh, PA 15210-3865 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 08, 2021    Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 6, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Jeffrey R. Hunt | on behalf of Creditor Municipality of Bethel Park jhunt@grblaw.com cnoroski@grblaw.com |
| Keri P. Ebeck | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com jbluemle@bernsteinlaw.com |
| Maria Miksich | on behalf of Creditor CSMC 2019-RPL7 Trust mmiksich@kmllawgroup.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Rodney D. Shepherd | on behalf of Debtor Sherri L. Senchisen rodsheph@cs.com |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

District/off: 0315-2 User: mgut Page 2 of 2
Date Rcvd: Aug 06, 2021 Form ID: pdf900 Total Noticed: 1
TOTAL: 6